IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                    ORDER

      v.                               11-CR-47-WMC-01

CANNON, TYWON L.

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Tywon L. Cannon's supervised release was held on May 26, 2011, before U. S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Robert A. Anderson. Defendant was present in person and by counsel, Associate Federal Defender Kelly A. Welsh. Also present was U.S. Probation Officer Rhonda Frank-Loron.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Northern District of Illinois on May 22, 2000, after pleading guilty to conspiracy to commit kidnaping, in violation of 18 U.S.C. § 1201(c); kidnaping, in violation of 18 U.S.C. § 1201(a)(1) & (2); and use of firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). These offenses are all Class A felonies. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 150 months, with a 60-month term of supervised release to follow. On January 25, 2010, defendant's conditions of supervised release were modified, requiring him to reside at Rock Valley Community Programs for up to 120 days.

On January 28, 2010, defendant began his term of supervised release in the Northern District of Illinois. On May 5, 2011, jurisdiction was transferred to the Western District of Wisconsin.

Defendant violated the mandatory condition of supervised release prohibiting him from committing another federal, state, or local crime when he distributed heroin on August 2, 16, 17, 18, and 31, 2010. On March 1, 2011, defendant pled guilty to Count 4: distributing a mixture or substance containing heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), a Class C felony (Western District of Wisconsin Case No. 10-CR-171-WMC-01).

Defendant violated Standard Condition No. 1 prohibiting him from leaving the judicial district without the permission of the court or probation officer when he traveled outside the Northern District of Illinois on multiple occasions without the knowledge or permission of the Court or probation officer.

Defendant's most serious violation conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon the finding of a Grade A violation. Title 18 U.S.C. § 3583(g) requires revocation of supervised release for possession of a controlled substance.

## CONCLUSIONS

Defendant's violations require revocation. Accordingly, the 60-month term of supervised release imposed on May 22, 2000, will be revoked.

Defendant's criminal history category is IV. With a Grade A violation and a criminal history category of IV, defendant has an advisory guideline term of imprisonment of 37 to

46 months.  The statutory maximum to which defendant can be sentenced upon revocation is 180 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than five years if the offense for which a defendant was sentenced previously was a Class A felony.  Defendant's original conviction was for three Class A felonies, each carrying a statutory maximum imprisonment range of five years.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range.  The purpose of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on Tywon L. Cannon on May 20, 2000, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 46 months' custody with no supervised release to follow.  Pursuant to §7B1.3(f) of the advisory guidelines, the sentence is to run consecutive to the sentence also imposed today in Western District of Wisconsin Case No. 10-CR-171-WMC-01.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 26th day of May, 2011.

BY THE COURT:
/s/ *William Conley*

_____
William M. Conley
U.S. District Judge